CRAIG B. FRIEDBERG, ESQ.
Nevada Bar No. 004606
Law Offices of Craig B. Friedberg, Esq.
4760 South Pecos Road, Suite 103
Las Vegas, Nevada 89121
Phone: (702) 435-7968; Fax: (702) 946-0887
Email: attcbf@cox.net

and

LUCIUS J. WALLACE [OK Bar No. 16070]
ROBERT DAVID HUMPHREYS [OK Bar No. 12346]
Humphreys Wallace Humphreys P.C.
9202 South Toledo Avenue
Tulsa, Oklahoma 74137
Tel: 918-747-5300; Fax:
Email: Luke@hwh-law.com / David@hwh-law.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PAUL M. GONZALES,<br><br>    Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A., GREEN TREE SERVICING, LLC; DOE DEFENDANTS I through V; ROE DEFENDANTS VI through X, inclusive,<br><br>    Defendants. | CASE NO.:   2:14-cv-0088-GMN-VCF<br><br>***UNOPPOSED* MOTION TO ALLOW THE LATE FILING OF PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS [33]<br>AND ORDER THEREON** |

COMES NOW Plaintiff, PAUL M. GONZALES (hereinafter Plaintiff or "Mr. Gonzales"), by and through his attorneys, and hereby submits his **unopposed** motion for leave to allow the late filing by one day of Plaintiff's response to Defendant Bank of America, N.A.'s motion for judgment on the pleadings [20] and Defendant Green Tree Servicing, LLC's joinder to the motion [25] (hereinafter referred to as Plaintiff's "response brief"). Plaintiff's counsel, Craig Friedberg, had unanticipated computer problems and also miscalculated how much time he would need to assist his ailing spouse, and as a result, was not able to file the response brief on Friday, June 19, 2015.

Plaintiff's counsel was able to complete the response brief over the weekend and it was filed on the next business day, June 22, 2015. The defendants were made aware on Friday of the difficulties Plaintiff was working through and indicated to him that they were not opposed to the late filing.

This motion is based upon the following points and authorities, the accompanying declaration of Craig Friedberg, the Court files and records of this action, and by any oral argument the Court may require or allow.

 /s/ *Craig Friedberg*
Craig B. Friedberg
Law Offices of Craig B. Friedberg, Esq.
and
Lucius J. Wallace
Robert David Humphreys
Humphreys Wallace Humphreys P.C.
*Attorneys for Plaintiff*

**DECLARATION OF CRAIG B. FRIEDBERG IN SUPPORT OF PLAINTIFF'S MOTION TO ALLOW THE LATE FILING OF PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

I, Craig B. Friedberg, declare as follows:

1.  I am an attorney for Plaintiff Paul M. Gonzales in the above-entitled action.

2.  I am qualified and licensed to practice law in the State of Nevada and the United States District Court of Nevada.

3.  I have personal knowledge of the matters stated herein and if called as a witness, I would be competent to testify as to the matters stated in this declaration.

4.  As my co-counsel Mr. Wallace has been abroad since early June and Mr. Humphrey' was traveling and taking depositions for most of the last month, I was tasked to draft Plaintiff's response brief.

5.  Filing of the Plaintiff's response to the motion was due on June 19, 2015. The brief was in close to final form and was anticipating  finalizing it for filing at about  8:15 p.m. on June 19, 2015.  (I was unable to complete the draft earlier in the week

- 2 -

1  because I was spending much of the week taking care of my sick spouse who was
2  experiencing severe flu-like and fibromyalgia symptoms for the preceding six days.)

3    6.   When I attempted to save the nearly completed response in my word
4  processing program, I received an unfamiliar error message. I could not find the
5  document in the computer directory it should have been in. I next looked in the
6  directory used by Microsoft Word for its automated backup (which I set to do every five
7  minutes the document is open). But the response brief was not there either. The only file
8  I could find was a partially completed brief with a major section missing that was
9  retrieved from my external backup from the day before.

10    7.   I reached out to others who are more familiar with Microsoft Word than
11  me, but it being Friday evening, I was unable to reach anyone that could assist in
12  possibly finding the most recent version of the document hidden somewhere on my
13  computer.

14    8.   I realized that I would not be able to reconstruct and re-draft that
15  substantial section of the brief in the short time I had before the deadline, so I emailed
16  opposing counsel that evening to inform them of what had occurred and my inability to
17  file the complete brief by the deadline.

18    9.   Within 24 hours, counsel for both Defendants notified me that they did
19  not oppose me requesting leave of the court to allow the late filing of Plaintiff's response
20  brief.

21    10.  I was able to re-do the legal research and re-draft the lost portion of the
22  brief over that weekend and filed Plaintiff's response brief the next business day, on
23  Monday, June 22, 2015 [33].

24    11.  Plaintiff and his counsel are embarrassed to have to prepare this motion
25  with respect to the late filing of Plaintiff's response brief. However, opposing counsel
26  agree that they will not be prejudiced by the one-day delay in the filing of Plaintiff's
27  brief.  This one-day delay in filing the response brief is not done in disrespect to the
28  Court or the rules of procedure; nor does Plaintiff gain any type of advantage with this

*Law Offices of*
**CRAIG B. FRIEDBERG, ESQ.**
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968   TELECOPIER (702) 946-0887

1  mishap.

2  I declare under penalty of perjury that the foregoing is true and correct.

3  DATED this 23rd day of June 2014, in Las Vegas, Nevada.

/s/ *Craig Friedberg*
CRAIG B. FRIEDBERG

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**LEGAL STANDARD**

Although Rule 6(b) allows a court, "in its discretion," to extend any filing deadline "for cause shown," a post -deadline extension must be "upon motion made," and is permissible only where the failure to meet the deadline "was the result of excusable neglect." <u>Lujan v. National Wildlife Federation</u>, 497 U.S. 871, 873 & 896, 110 S.Ct. 3177, (1990)

The Ninth Circuit dictates that a district court must apply a four-factor equitable test to determine if a party's failure to meet a deadline constitutes "excusable neglect." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010). The four factors to consider are: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Id.* (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 s. Ct. 1489 (1993)).

Plaintiff meets all four factors of the *Ahanchian* test and respectfully requests the Court allow the late filing of Plaintiff's response brief [33], which was filed the business day after the deadline.

///
///
///

- 4 -

**II.**

**PLAINTIFF'S FILING OF HIS RESPONSE BRIEF ONE DAY LATE WAS AS A RESULT OF EXCUSABLE NEGLECT**

Plaintiff has fully set out the facts and reasons why his response brief was filed a day late in the Friedberg declaration, *supra*. Applying these facts to the *Ahanchian* test finds that all are in Plaintiff's favor, and Plaintiff respectfully requests that the Court allow the filing of his response brief, without sanction.

**A.   THE DANGER OF PREJUDICE TO THE OPPOSING PARTY**

This factor is in Plaintiff's favor as the Defendants agree that they will not be prejudiced by the late filing of Plaintiff's reply brief. *See* Friedberg Declaration, ¶¶ 9, 11.

**B.   THE LENGTH OF THE DELAY AND ITS POTENTIAL IMPACT ON THE PROCEEDINGS**

This was a very short delay -- Plaintiff's response brief was filed one business day after the deadline. The parties do not perceive that the one-day delay will have any negative impact on the court proceedings. *See Howard v. Skolnik*, No. 2:08-cv-00728, (D.Nev. August 23, 2012) (The Court denied a motion to strike a response to a motion for summary judgment that was one-month late); *Luster v. Neven*, No. 2:10-cv-01661, (D.Nev. Feb. 3, 2011) ("The Court in any event would grant the extension motion even if it were submitted, arguendo, a day or two after the expiration of the deadline. Pursuant to Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, the Court often grants out-of-time extension requests to parties represented by counsel in situations where counsel has failed to timely seek an extension through inadvertence or excusable neglect given the demands of litigation.").

**C.   THE REASON FOR THE DELAY**

The facts and reason for the delay are fully set forth in the Friedberg Decl., ¶¶ 4-7. In summary, the problems arose because of a combination of Plaintiff's counsel not being able to complete the draft days before the deadline because he was spending a considerable amount of time that week tending to his ill spouse; and then just hours before the deadline, having unexpected computer issues that resulted in a significant

- 5 -

portion of Plaintiff's response brief being lost. These were not events Plaintiff could have expected, nor planned for.

**D. WHETHER THE MOVANT ACTED IN GOOD FAITH**

Plaintiff and his counsel were fully expecting to have his response brief filed on time. It was only as a result of the issues set forth above and in the Friedberg Decl. that the filing did not take place. Probably the best indicator that Plaintiff has acted in good faith is the agreement of the Defendants that Plaintiff should not be sanctioned because of the one-day delay.

**CONCLUSION**

Plaintiff regrets that this occurred and humbly and respectfully requests the Honorable Court, after review of the motion and the facts set forth in the Friedberg declaration, finds that the delay was out of Plaintiff's control, constituted excusable neglect, and gives leave to allow and consider Plaintiff's response to Defendants' motion.

/s/ *Craig Friedberg*
Craig B. Friedberg
Law Offices of Craig B. Friedberg, Esq.
and
Lucius J. Wallace
Robert David Humphreys
Humphreys Wallace Humphreys P.C.
*Attorneys for Plaintiff*

IT IS SO ORDERED.

_____
Gloria M. Navarro, Chief Judge
United States District Court

DATED: 07/07/2015.