UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PAul M. GONZALES, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:14-cv-00088-GMN-VCF |
| vs. ) | |
| ) | ORDER |
| BANK OF AMERICA, N.A., GREEN TREE ) | |
| SERVICING, LLC; DOE DEFENDANTS I ) | |
| through V; ROE DEFENDANTS VI through ) | |
| X, inclusive, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is the Motion for Judgment on the Pleadings (ECF No. 20) filed by Defendant Bank of America, N.A. ("BANA").  Defendant Green Tree Servicing, LLC ("Green Tree") joined BANA's Motion for Judgment on the Pleadings (ECF No. 25).  Paul Gonzales ("Plaintiff") filed a Response (ECF No. 33).  BANA filed a Reply (ECF No. 36) and Green Tree joined BANA's Reply (ECF No. 37).  For the reasons discussed below, the Motion for Judgment on the Pleadings will be **GRANTED**.

I.     BACKGROUND

This case arises out of a dispute regarding mortgage payments made by Plaintiff, the home owner, to BANA and Green Tree (collectively, "Defendants"), the mortgage servicers of Plaintiff's loan.  Plaintiff has an outstanding note and deed of trust on a home in Clark County. (Compl. ¶ 14, ECF No. 1).  Sometime on or before January 2006, BANA acquired the servicing rights to Plaintiff's loan, and Plaintiff alleges that he has paid BANA every month since at least January 2006. (*Id*. ¶¶ 15–16).  During 2009, Plaintiff alleges that he made these payments electronically through his bank account with IBEW Plus Credit Union ("IBEW"). (*Id*. ¶ 17).

The payment at issue in this dispute was the payment for the month of November 2009.

1  (*Id.* ¶ 18–19).  Plaintiff contends that he made this payment to BANA electronically, but that in
2  April 2010, BANA notified Plaintiff that he was 30 days late because BANA had not received
3  Plaintiff's November 2009 payment. (*Id.* ¶¶ 18–19).  Plaintiff subsequently requested that
4  IBEW investigate whether the November 2009 payment had in fact been sent to BANA, and
5  IBEW informed Plaintiff that the November 2009 payment had been made to BANA on
6  November 9, 2009. (*Id.* ¶¶ 20–21).  IBEW also informed Plaintiff that BANA had indicated
7  that the payment would be recorded on Plaintiff's next statement. (*Id.* ¶ 21).
8        However, Plaintiff alleges that BANA never recorded the November 2009 payment, and
9  for the following three years, BANA continued to not credit Plaintiff's account with the
10 November 2009 payment, but instead applied each successive month's payment to the prior
11 month's balance, so that Plaintiff's account was treated as being one month in arrears. (*Id.* ¶
12 22).  Subsequently, for the following three years, BANA reported Plaintiff as delinquent to
13 credit reporting agencies, which resulted in Plaintiff's personal loan requests being denied. (*Id.*
14 ¶¶ 25, 28, 30).  Also, BANA and Green Tree have repeatedly threatened to foreclose on
15 Plaintiff's house. (*Id.* ¶¶ 26, 32, 39, 40).
16       On January 22, 2014, Plaintiff brought this action, alleging six causes of action: (1)
17 Violation of the RESPA; (2) Violations of the FCRA; (3) Violations of the FDCPA; (4)
18 Accounting; (5) Deceptive Trade Practices; and (6) Negligence. (*Id.* ¶¶ 41–80).
19 II.    **LEGAL STANDARD**
20       Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—
21 but early enough not to delay trial—a party may move for judgment on the pleadings."
22 "Judgment on the pleadings is properly granted when, accepting all factual allegations in the
23 complaint as true, there is no issue of material fact in dispute, and the moving party is entitled
24 to judgment as a matter of law." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir.2012).
25 Accordingly, "[a]nalysis under Rule 12(c) is substantially identical to analysis under Rule

12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Id*.

In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (emphasis added).

### III. DISCUSSION

Defendant is seeking the dismissal with prejudice of the following claims of Plaintiff's complaint due to Plaintiff's alleged failure to state a claim upon which relief can be granted: (1) Accounting; (2) Deceptive Trade Practices; and (3) Negligence. (Mot. for Judgment 1:21–26, ECF No. 20). Specifically, Defendant asserts that these counts fail because: (1) there is no fiduciary or special relationship upon which to base a claim for accounting; (2) the Nevada Deceptive Trade Practices Act ("NDTPA") does not apply to mortgage servicing or debt collection activities; (3) Plaintiff's assertion of a FCRA violation preempts his claim for negligence; and (4) BANA did not owe Plaintiff a duty sufficient to support a claim for negligence. (*Id*. at 1:26–2:3). The Court finds that Plaintiff's claims for Accounting, Deceptive Trade Practices, and Negligence must be dismissed.

/ / /

## A. Accounting Claim

In his fourth claim, "Plaintiff demands equitable relief in the form of Defendants being ordered to render a lawful accurate accounting of his loan." (Compl. ¶ 69, ECF No. 1). Defendant contends that this claim must be dismissed because no relationship of trust or confidence exists between BANA and Plaintiff. (Def. Mot. for Judgment 4:13–14, ECF No. 20).  The Court agrees because Plaintiff has failed to show a special relationship outside the normal relationship between a borrower and a lender.

An action for accounting "may only be brought where there is a fiduciary or a trust relationship between the parties." *Simon v. Bank of Am., N.A.*, 2010 WL 2609436, *11 (D. Nev. June 23, 2010).  Though, no such relationship exists between a lender and a borrower absent the creation of a special relationship that would create a fiduciary duty. *Giles v. GMAC*, 494 F.3d 865, 882 (9th Cir. 2007).  Thus, because Plaintiff and Defendants have a lender/borrower relationship and Plaintiff does not sufficiently plead a special relationship beyond that which would create a fiduciary duty, this claim will be dismissed.  However, Plaintiff may amend his Complaint to allege additional facts sufficient to support this claim.

## B. Deceptive Trade Practices Claim

In his fifth claim, Plaintiff asserts that Defendants knowingly engaged in deceptive trade practices in violation of the NDTPA, and because of these deceptive techniques, Plaintiff suffered actual damages. (Compl. ¶¶ 71–76).  Specifically, Plaintiff alleges that Defendants knowingly engaged in predatory, wrongful, fraudulent and deceptive trade practices by engaging in the following prohibited conduct: (a) knowingly making false representations in a transaction; (b) knowingly misrepresenting the legal rights, obligations, or remedies of a party to a transaction; (c) violating a state or federal statute or regulation relating to the sale or lease of goods or services; and (d) using coercion, duress or intimidation in a transaction. (*Id.* ¶ 71). Plaintiff also alleges that Defendant Green Tree also violated the NDTPA by using any device,

subterfuge, pretense, or deceptive means or representations to collect a debt. (*Id*. ¶ 72). Defendants contends that this claim must be dismissed because the NDTPA does not apply to mortgage servicing or debt collection practices. (Def. Mot. for Judgment 5:18–19, ECF No. 20). The Court agrees that this claim must be dismissed because the NDTPA does not apply.

The NDTPA prohibits a seller from making false statements or misrepresentations about his or her goods or services, or failing to disclose material facts about his or her goods or services. *See* Nev. Rev. Stat § 598. The Courts of this District have held that the NDTPA does not apply to most real estate loan transactions. *See, e.g., Morris v. Green Tree Servicing, LLC*, No. 2:14-CV-01998-GMN, 2015 WL 4113212, at *15 (D. Nev. July 8, 2015); *Kawahara v. Kennedy*, No. 314-CV-00012-MMD-WGC, 2015 WL 789744, at *5 (D. Nev. Feb. 25, 2015); *Dowers v. Nationstar Mortgage LLC*, No. 2:14-CV-1679 JCM PAL, 2014 WL 7409513, at *4 (D. Nev. Dec. 31, 2014); *Bartello v. CitiMortgage, Inc.*, No. 2:13-CV-01891-GMN-VC, 2014 WL 1514174, at *7 (D. Nev. Apr. 16, 2014); *Tello v. Bank of Am. N.A.*, No. 2:12-CV-01040-GMN, 2014 WL 99299, at *5 (D. Nev. Jan. 3, 2014); *Reyna v. Wells Fargo Bank, N.A.*, 2011 WL 2690087, at *9 (D. Nev. July 11, 2011).

Likewise, the Nevada Supreme Court has applied the NDTPA to a real estate transaction only once, in *Betsinger v. D.R. Horton, Inc.*, 232 P.3d 433, 436 (Nev. 2010). In *Betsinger,* the plaintiff negotiated to buy a home from the defendant, a developer. *Id.* at 434. As part of the incentive to buy, the developer's financing division offered plaintiff a 4.6% interest rate on his mortgage. *Id.* Then, after the plaintiff paid a deposit and the contract was formed, the financing division switched the interest rate to 6.5%. *Id.* In response, the plaintiff cancelled the purchase contract, but the defendants failed to return his deposit. *Id.* The Nevada Supreme Court upheld the jury's finding that the developer had engaged in deceptive trade practices. *Id.* at 436.

The facts of the present case are clearly distinguishable from those of *Betsinger*. Plaintiff is not purchasing a house, and Defendant is not selling one. There is no allegation that

Defendant engaged in any bait-and-switch tactics.  Plaintiff does not accuse Defendant of withholding a deposit.  The only commonality between the two cases is that a mortgage was involved.  Since the *Betsinger* exception does not apply, the NDTPA does not apply to the facts of this case.  Accordingly, Plaintiff's Deceptive Trade Practices claim is dismissed with prejudice.

### C. Negligence Claim

In his sixth claim, Plaintiff contends that Defendants were negligent. (Compl. ¶¶ 77–80). Specifically, Plaintiff contends that Defendants had a duty to properly and accurately service Plaintiff's loan, and to maintain proper and accurate loan records, and that Defendants breached that duty. (*Id.* ¶¶ 78–79).  Defendants assert that this cause of action fails because they did not owe Plaintiff a duty. (Def. Mot. for Judgment, 6:26–7:14, ECF No. 20).[1]  The Court finds that Plaintiff's negligence claim must be dismissed because Defendants do not owe Plaintiff a duty outside of the Deed of Trust and Note.

A prima facie claim for negligence in Nevada, as elsewhere, consists of four elements: (1) duty; (2) breach; (3) causation; and (4) damages. *Weingartner v. Chase Home Fin., LLC*, 702 F. Supp. 2d 1276, 1290 (D. Nev. 2010) (citing *Turner v. Mandalay Sports Entm't, LLC,* 180 P.3d 1172, 1175 (Nev. 2008)).  However, it is well-established that a lender does not owe a duty of care to its borrower outside the duties set forth in the relevant loan documents. *See McGee v. CitiMortgage,* No. 2:12-cv-2025 JCM PAL, 2013 WL 2405301, at *6 (D. Nev. May 31, 2013) (dismissing negligence claim because loan servicer owes borrower no duty "other than any duties set forth in the deed of trust."); *Weinstein v. Mortgage Capital Associates, Inc.*, No. 2:10-cv-01551-PMP, 2011WL 90085, at *7–8 (D. Nev. Jan. 11, 2011) (citing *Yerington

---

[1] The Court will not address Defendants' assertion that this claim fails because the FCRA preempts this claim because Plaintiff concedes that he is not basing this claim on allegations of improper credit reporting, but rather on Defendants' alleged breach of their duty to properly service Plaintiff's loan. (Pl. Resp. 14:10–13, ECF No. 33; Reply n.1, ECF No. 36).

1 *Ford, Inc. v. Gen. Motors Acceptance Corp.,* 359 F.Supp.2d 1075, 1090 (D. Nev. 2004),
2 *overruled on other grounds by Giles v. Gen. Motors Acceptance Corp.,* 494 F.3d 865 (9th Cir.
3 2007)) (dismissing negligence claim because "[a]bsent other facts, such as a familial
4 relationship, a lender or loan servicer generally owes no duty to a borrower beyond contractual
5 obligations.").
6    "The lender is under no duty to ensure the success of the borrower's investment."
7 *Velasquez v. HSBC Mortgage Servs.*, No. 2:09-cv-00784-KJD-LRL, 2009 WL 2338852, at *5
8 (D. Nev. July 24, 2009).  "Liability to a borrower for negligence arises only when the lender
9 'actively participates' in the financed enterprise 'beyond the domain of the usual money
10 lender.' " *Id.* (quoting *Wagner v. Benson*, 101 Cal. App. 3d 27, 35 (Ct. App. 1980)).
11    Plaintiff contends that Defendants owed him an obligation of reasonable conduct in
12 applying payments as received, collecting on the debt if necessary, and investigating inquiries
13 regarding payments that are not properly accredited. (Response 12:20–22, ECF No. 33).
14 However, the Note and Deed of Trust govern the relationship between Plaintiff and Defendants,
15 therefore, Defendants owe Plaintiff no duties outside of those documents.  The allegations in
16 Plaintiff's Complaint establish that Defendants acted simply as conventional money lenders,
17 and did not actively participate beyond this role.  Accordingly, Plaintiff's Negligence claim is
18 dismissed.  However, Plaintiff may amend his Complaint to allege additional facts sufficient to
19 support this claim.
20 **IV.    CONCLUSION**
21    **IT IS HEREBY ORDERED** that Defendants' Motion for Judgment on the Pleadings
22 (ECF Nos. 20 & 25) is **GRANTED**.  Accordingly, Plaintiff's NDTPA claim is dismissed with
23 prejudice.  Moreover, Plaintiff's accounting and negligence claims are dismissed without
24 prejudice.
25    **IT IS FURTHER ORDERED** that Plaintiff shall file his amended complaint by

**Monday, August 24, 2015**.  Failure to file an amended complaint by this date shall result in the Court dismissing the following claims with prejudice: (1) accounting and (2) negligence.

**DATED** this 10th day of August, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court