1  CRAIG B. FRIEDBERG, ESQ.
Nevada Bar No.  004606
2  Law Offices of Craig B. Friedberg, Esq.
4760 South Pecos Road, Suite 103
3  Las Vegas, Nevada 89121
Phone: (702) 435-7968; Fax: (702) 946-0887
4  Email: attcbf@cox.net

5  and

6  LUCIUS J. WALLACE [OK Bar No. 16070]
ROBERT DAVID HUMPHREYS [OK Bar No. 12346]
7  Humphreys Wallace Humphreys P.C.
9202 South Toledo Avenue
8  Tulsa, Oklahoma 74137
Tel: 918-747-5300; Fax:
9  Email: Luke@hwh-law.com / David@hwh-law.com

10  *Attorneys for Plaintiff*

11

12          **UNITED STATES DISTRICT COURT**

13             **DISTRICT OF NEVADA**

14

15  PAUL M. GONZALES,                      CASE NO.:    2:14-cv-0088-GMN-VCF

16              Plaintiff,                 **STIPULATION AND ORDER TO GRANT LEAVE TO FILE**
17  vs.                                    **SUPPLEMENTAL AND AMENDED COMPLAINT**

18  BANK OF AMERICA, N.A., GREEN TREE
SERVICING, LLC; DOE DEFENDANTS I
19  through V; ROE DEFENDANTS VI through
X, inclusive,
20
21              Defendants.

22          IT IS HEREBY STIPULATED AND AGREED by and between counsel for their

23  respective parties, that Defendants do not oppose the Court granting leave, pursuant to

24  Fed.R.Civ.Proc. 15(d), for Plaintiff  to file his Supplemental and Amended Complaint

25  (Supplemental Complaint").

26          With this Supplemental Complaint, Plaintiff provides notice to Defendants and to

27  the Court that he will not seek to amend the complaint in an effort to pursue claims for

28  negligence or an accounting and these counts are dismissed with prejudice pursuant to

*Law Office of*
**CRAIG B. FRIEDBERG, ESQ.**
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968   Telecopier (702) 946-0887

1    the Court's order of August 11, 2015.  (Docket 50).

2          Instead this Supplemental Complaint clarifies the facts as to the remaining

3    counts and alleges conduct by Defendants that occurred after the filing of the Complaint

4    and relevant to Plaintiff's Claims for violation of the Fair Debt Collection Practices Act,

5    Violation of the Real Estate Settlement Procedures Act, and violation of the Fair Credit

6    Reporting Act.

7          Attached as Exhibit 1 is the proposed Supplemental Complaint presented to the

8    Defendants with the additional facts pled in red and the facts and counts to be removed

9    indicated by a red line striking through the allegations.  Attached as Exhibit 2 is a clean

10   copy of the Supplemental Complaint with the changes incorporated, which is the one

11   Plaintiff seeks to file.

12   DATED this 19th day of August 2015.

13   /s/ Lucius Wallace
     CRAIG B. FRIEDBERG, ESQ.
14   Law Offices of Craig B. Friedberg, Esq.
     -and-
15   LUCIUS J. WALLACE, ESQ.
     ROBERT DAVID HUMPHREYS, ESQ.
16   Humphreys Wallace Humphreys P.C.
     *Attorneys for Plaintiff*

17

18   /s/ Gregg Hubley                                    /s/ Jon Patterson
     GREGG A. HUBLEY, ESQ.                               DARREN T. BRENNER, ESQ.
19   RAMIR M. HERNANDEZ, ESQ.                            ALLISON R. SCHMIDT, ESQ.
     Brooks Hubley LLP                                   Akerman, LLP
20   *Attorneys for Defendant Green Tree*                -and-
            *Servicing, LLC*                             JON H. PATTERSON, ESQ.
21                                                       KATE KLIEBERT, ESQ.
                                                         Bradley Arant Boult Cummings, LLP
22                                                       *Attorneys for Defendant Bank of America, N.A.*

23         Under Local Rule 15-1(b), the           **ORDER**
     moving party must file and serve the
24   amended pleading.  IT IS FURTHER              **IT IS SO ORDERED.**
     ORDERED that the Amended
25   Complaint must be filed and served
     on or before August 27, 2015.
26
                                                   _____
27                                                 UNITED STATES ~~DISTRICT COURT~~ JUDGE
                                                                    Magistrate
28                                                 DATED:_____
                                                           August 20, 2015

- 2 -

*Law Office of*
**CRAIG B. FRIEDBERG, ESQ.**
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA  89121
(702) 435-7968   Telecopier (702) 946-0887

# EXHIBIT 1

# EXHIBIT 1

CRAIG B. FRIEDBERG, ESQ.
Nevada Bar No. 004606
LAW OFFICES OF CRAIG B. FRIEDBERG, ESQ.
4760 South Pecos Road, Suite 103
Las Vegas, Nevada 89121
Telephone: (702) 435-7968 / Facsimile: (702) 946-0887
Email: attcbf@cox.net

Robert David Humphreys
OBA #12346, *Pro Hac Vice*
Lucius James Wallace
OBA #16070, *Pro Hac Vice*
HUMPHREYS WALLACE HUMPHREYS, P.C.
9202 South Toledo Avenue
Tulsa, Oklahoma 74137
Telephone: (918) 747-5300 / Facsimile: (918) 747-5311
Email: david@hwh-law.com  /  luke@hwh-law.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

PAUL M. GONZALES,

        Plaintiff,

        v.

BANK OF AMERICA, N.A., GREEN TREE
SERVICING, LLC; DOE DEFENDANTS I
through V; ROE DEFENDANTS VI through X,
inclusive,

        Defendants.

Case No.:  2:14-cv-00088-GMN-(VCF)

**SUPPLEMENTAL AND AMENDED
COMPLAINT**

**(EIGHT PERSON JURY DEMANDED)**

COMES NOW Plaintiff, PAUL M. GONZALES (hereinafter "Plaintiff" or "Mr.

Gonzales"), by and through his undersigned attorney, alleges upon knowledge as to himself and

his own acts, and as to all other matters upon information and belief, brings this supplemental

and amended complaint against the above-named Defendants and in support thereof alleges the

following:

        1.      This is an action for actual, statutory and punitive damages, costs and attorney's

fees brought pursuant to 15 U.S.C. §§ 1681 et seq. (Fair Credit Reporting Act or "FCRA"); 15

HUMPHREYS WALLACE HUMPHREYS PC
9202 S TOLEDO AV, TULSA, OK 74137
TEL: (918)747-5300  FAX: (918)747-5311

U.S.C. 1692 et seq. (Fair Debt Collection Practices Act ~~(:("FDCPA")~~; and, 12 U.S.C. § 2601 et seq. (Real Estate and Settlement Procedures Act or "RESPA")~~; Nevada Revised Statutes (hereinafter "NRS"), Chapters 598 et seq., and 649 et seq., as amended, and common law torts (hereinafter "State Acts")~~.

## JURISDICTION AND VENUE

2.      Jurisdiction of this court arises under 12 U.S.C. § 2614 involving a property located within this District, 15 U.S.C. § 1681p, 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331. Supplemental jurisdiction exists for the state law claims, pursuant to 28 U.S.C. § 1367 and rule 18(a) of the Federal Rules of Civil Procedure (FRCP).

3.      Venue is conferred by 28 U.S.C. §1391, in that the acts and transactions occurred this District, Plaintiff resides in the District, and Defendants transact business the District.

## THE PARTIES

4.      Plaintiff Paul M. Gonzales is a natural person and owns a home in Clark County, Nevada, which is his primary residence. Plaintiff is a "consumer" and "person" protected by the FCRA, FDCPA, and RESPA.

5.      Upon information and belief, Defendant, BANK OF AMERICA, N.A.,  d/b/a (and/or) F/K/A BAC HOME LOAN SERVICING, LP ("Bank of America") is a National Bank doing business as a mortgage originator, mortgage servicer and at all times relevant hereto was a "furnisher" as governed by the FCRA.

6.      Defendant GREEN TREE SERVICING, LLC ("Green Tree") is the transferee to the servicing rights of Plaintiff's loan and in its capacity as a loan servicer, Green Tree acts as a third party debt collector for the owner of the loan on Plaintiff's home. Green Tree acquired the servicing rights to Plaintiff's home loan disputed herein when alleged to be in default and therefore Green Tree is not excluded as a debt collector for purposes of the FDCPA under 15 U.S.C. § 1692a(6)(F)(iii). *See Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355 (6th Cir. 2010).

2

HUMPHREYS WALLACE HUMPHREYS PC
9202 S TOLEDO AV, TULSA, OK 74137
TEL: (918)747-5300   FAX: (918)747-5311

at At all times relevant hereto Green Tree was also a "furnisher" as governed by the FCRA.

7.     Plaintiff is unaware of the true names and legal capacities, whether individual, corporate, associate, or otherwise, of the Defendants DOES I-V and ROE Corporations VI-X, sued herein inclusive, and therefore sues Defendants by such fictitious names.

8.     Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated herein as DOES I-V and ROE Corporations VI-X, are in some way legally responsible and liable for the events referred to herein, and proximately caused the damages alleged herein.

9.     Plaintiff prays leave to insert said Defendants' true names and legal capacities when ascertained.

10.     At all times material hereto, and in doing the acts and omissions alleged herein, the Defendants and each of them, including DOES I-V and ROE Corporations VI-X, acted individually and/or through their officers, agents, employees, and co-conspirators, including the fictitious Defendants named herein, each of whom was acting within the purpose and scope of that agency, employment and conspiracy, and said acts and omissions were known to, and authorized and ratified by, each of the other Defendants.

11.     Plaintiff is informed and believes and thereon alleges that at all times mentioned herein each of the Defendants sued herein was the owner, partner, shareholder, manager, officer, director, agent, servant, and employee of his, her or its co-Defendants and in doing the things hereinafter mentioned was acting in the scope of his, her or its authority as such owner, partner, shareholder, manager, officer, director, agent, servant and employee, and with the permission, consent and/or ratification of his, her or its Defendants; and that each of said fictitiously named defendants, whether an individual, corporation, association or otherwise, is in some way liable or responsible to the Plaintiffs on the facts hereinafter alleged, and caused injuries and damages proximately thereby as hereinafter alleged.

HUMPHREYS WALLACE HUMPHREYS PC
9202 S TOLEDO AV, TULSA, OK 74137
TEL: (918)747-5300   FAX: (918)747-5311

12.     All conduct of the Defendants and Doe and/or Roe Corporation Defendants as alleged herein, was on each other's behalf, within the course and scope of agency each for the other; each was alter ego for the other and/or was in a partnership or joint venture with the other, and all conduct of each was within the course and scope of that agency, alter ego, partnership and/or joint venture, and as such, the corporate fiction should be disregarded.

## FACTUAL ALLEGATIONS

13.     Gonzales repeats, realleges and incorporates by reference paragraphs one through twelve, inclusive, above.

14.     Plaintiff has an outstanding note and deed of trust ("loan") on his residence in Clark County.

15.     Plaintiff has paid Bank of America every month since at least January 2006.

16.     Sometime on or before January 2006, Bank of America purchased the loan and/or acquired the servicing rights to the loan.  At that time, Bank of America notified Plaintiff that he should begin making monthly payments to it.

17.     During the 2009 year, Plaintiff routinely remitted his monthly loan payment via electronic transfer from Plaintiff's account with IBEW Plus Credit Union ("IBEW") to Bank of America.

18.     On or about November 2009, Plaintiff made his usual monthly electronic loan payment to Bank of America.

19.     On or about April 2010, Bank of America notified Plaintiff that he was 30 days late and that Bank of America had not received his November 2009 payment.

20.     On or about April 14, 2010, Plaintiff requested that IBEW investigate whether the November 2009 payment had in fact been sent to Bank of America.

21.     On or about April 22, 2010, Plaintiff received the results from IBEW's investigation and was informed:

"We have completed our research of your payment inquiry. Our investigation revealed the following: Your [November 2009] payment was remitted electronically on the date noted above [Nov. 9, 2009]. Verification of the electronic payment has been made to the payee [Bank of America]. ... They [Bank of America] have indicated that after research is completed, the payment should be recorded on your next statement."

22.     However, Bank of America did not record the November 2009 payment on Plaintiff's next statement.  Instead, for three more years, Bank of America continued its campaign of abusive, unfair, unreasonable and unlawful activity by, among other acts, not crediting Plaintiff's account with the November 2009 payment, but instead applying each successive month's payment not to the month of remittance, but to the prior month's account, with the result that Bank of America (and later, Defendant Green Tree) has been treating the Plaintiff as being one month in arrears for more than three years.

23.     Plaintiff and/or his legal representative sent written requests to Bank of America regarding the need to properly credit the November 2009 payment and the consequences Plaintiff was dealing with because of Bank of America's refusal to correct its own accounting error ("qualified written requests" or "QWRs") in April 2010, May 2010, August 2010, October 2010, June 2011, January 2012, May 2012, January 2013, and in November 2012 and, March 2013, and April 2013 (to Bank of America and Green Tree, respectively).

24.     Some of these QWRs were not timely acknowledged and or responded to by Bank of America and Green Tree.  With respect to some of the QWRs that Bank of America and Green Tree did respond to prior to their responses to the March 2013 QWRs, Defendants did not do any type of investigation into the matter, instead choosing to continually request the same documentation that Plaintiff had repeatedly sent in the past (and as to Bank of America, insisting on Plaintiff providing documentation (such as a cancelled check) which Bank of America knew Plaintiff could not provide, as the November 2009 payment was made electronically), and or intentionally not providing Plaintiff with all of the information he requested in order to correct

HUMPHREYS WALLACE HUMPHREYS PC
9202 S TOLEDO AV, TULSA, OK 74137
TEL: (918)747-5300  FAX: (918)747-5311

the mass servicing failure of the Defendants.

25.     Plaintiff is informed and believes that during the 60 days after Bank of America received Plaintiff's QWRs, it continued reporting him thirty days late to the major credit reporting agencies. Plaintiff is informed and believes that Bank of America mis-reported the false payment information to the three major credit reporting agencies Equifax, Experian and Trans Union ("CRAs") on a monthly basis, and continued this practice at all times relevant herein.

26.     On or about August 2010, and again, on or about September 2011, Bank of America mailed to Plaintiff letters entitled NOTICE OF INTENT TO ACCELERATE" ("notice of intent"). These letters stated that the "loan is in serious default because the required payments have not been made." These statements were categorically false. Additionally, the letters demanded that Plaintiff pay an amount double his usual monthly payment and warned that

> "if the default is not cured [on the date specified in the letter], the mortgage payments will be accelerated with the full amount remaining accelerate and becoming due and payable in full, and foreclosure proceedings will be initiated at that time.  As such, the failure to cure the default may result in the foreclosure and sale of your property.  If the property is foreclosed upon, the Noteholder may pursue a deficiency judgment against you to collect the balance of your loan, if permitted by law."

Consequently, Plaintiff was under constant fear that despite the fact that he was current on his mortgage, he could still lose his home to foreclosure *and* be responsible to pay Bank of America for any difference between what the home sold for at foreclosure and the amount Bank of America contends Plaintiff owed on his loan.

27.     Additionally, Bank of America's refused to accept payments and mis-applied payments and also added late fees and other uncollected costs associated with the fictitious default, to Plaintiff's balance.  As Bank of America and Green Tree refused to provide Plaintiff with an audit of his account, Plaintiff is informed and believes that money he has paid to Bank of America and Green Tree has not been correctly applied to his balance.

28.     On or after January 20, 2011, Plaintiff received notice from his credit union that he was denied a personal loan. One of the two reasons stated was that he had a "delinquent past or present credit obligations with others." Plaintiff is informed and believes that this refers to the false negative credit information Bank of America reported to the CRAs.

29.     In March 2011, Plaintiff mailed letters to the three major CRAs ~~credit reporting agencies~~, Equifax, Experian and Trans Union, disputing Bank of America's reporting that Plaintiff was 30 days late for almost a year.  In or about April 2011, Plaintiff received responses from the three CRAs notifying Plaintiff that Bank of America had confirmed the false payment information as true and Bank of America did not notify the CRAs that Plaintiff was disputing the false payment information.

30.     On or about January 17, 2012, Plaintiff again applied for a personal loan from his credit union, IBEW.  On or after January 23, 2012, Plaintiff received notice from his credit union that he was again denied a personal loan. The denial letter gave the reason for the refusal to grant the loan as "[d]elinquent past or present credit obligations with others." Plaintiff is informed and believes that this refers to the false negative credit information Bank of America reported to the CRAs. The denial letter stated that the credit union's decision was "based in whole or in part on information obtained in a report from ... Experian."

31.     In February 2012, Plaintiff again mailed letters to the CRAs disputing Bank of America's reporting that Plaintiff was 30 days late for nearly two years. In or about February or March 2012, Plaintiff received responses from the CRAs notifying Plaintiff that Bank of America had again confirmed the false payment information as true and Bank of America did not notify the CRAs that Plaintiff was disputing the false payment information.

32.     In May 2012, Plaintiff again mailed letters to the CRAs disputing Bank of America's reporting that Plaintiff was 30 days late for nearly two years. Plaintiff received responses from the CRAs notifying Plaintiff that Bank of America had again confirmed the false

HUMPHREYS WALLACE HUMPHREYS PC
9202 S TOLEDO AV, TULSA, OK 74137
TEL. (918)747-5300   FAX. (918)747-5311

payment information as true and Bank of America did not notify the CRAs that Plaintiff was disputing the false payment information.

3233.   On or about October 2012 Plaintiff received a letter from Bank of America notifying him that Green Tree had acquired the servicing rights to Plaintiff's loan. At the time of this transfer, Bank of America still considered the loan "in serious default" and Plaintiff was under threat of losing his property to foreclosure.

3334.   On or about November 2012, Plaintiff received a letter from Green Tree introducing itself as the new servicer on Plaintiff's loan and identifying itself as a debt collector. It also informed Plaintiff that the letter was "an attempt to collect a debt, and any information obtained will be used for that purpose." In a follow-up letter to Plaintiff in November 2012, Green Tree demanded payment, including an amount past due, without looking into the account history it received or reviewing the nearly three years of Plaintiff's disputes.

3435.   Plaintiff is informed and believes that Green Tree mis-reported the false payment information to the CRAs on a monthly basis, and continued this practice at all times relevant herein.

3536.   On or about November 25, 2012, Plaintiff wrote to Green Tree (both as a QWR and as a dispute and request for verification to a debt collector), disputing that there was any amount past due, explaining the communications he and his legal representative had with Bank of America and also enclosing pertinent documentary information to show that his November 2009 payment had been made.  Plaintiff requested that Green Tree provide Plaintiff with, among other items, an audit and account history from November 2009 to the date of the letter of all of Plaintiff's payments, to make the appropriate corrections to his Green Tree account and to correct the false information that had been sent to the CRAs. This letter was also a QWR.

3637.   On or about December 6, 2012, Green Tree, prior to responding to Plaintiff's QWR/dispute and verification letter, mailed to Plaintiff a statement that included a past due

HUMPHREYS WALLACE HUMPHREYS PC
9202 S TOLEDO AV, TULSA, OK 74137
TEL: (918)747-5300   FAX: (918)747-5311

8

amount of $3,177.62 and an amount due of $5,741.82 to be paid by January 1, 2013.  The

December 6 letter also noted that "YOUR ACCOUNT IS SERIOUSLY PAST DUE!"

3738.  On or about December 20, 2012, Plaintiff received a letter from Woodside  Credit

informing Plaintiff that it had denied his request for a $26,000.00 loan. The reason given for the

denial was "Derogatory Credit." Plaintiff is informed and believes that this refers to the false

negative credit information Bank of America and Green Tree reported to the CRAs. The denial

letter stated that its decision was "based in whole or in part on information obtained in a report

from ... Experian."

3839.  The Woodside Credit denial letter also stated that it obtained Plaintiff's credit

score from Experian, and that the key factors adversely affecting his credit score included

"[n]umber of accounts delinquent and [l]ength of time (or unknown time) since account

delinquent." Plaintiff is not aware of any other accounts that were reporting delinquent payments

at this time, other than Bank of America. Plaintiff is informed and believes that the reasons for

his lower credit score refer to the false negative credit information Bank of America and Green

Tree reported to the CRAs.

3940.  On or about February 12, 2013, Green Tree sent a letter to Plaintiff with

capitalized words inside a box on the top right hand side of the page, which read:  "NOTICE OF

DEFAULT AND RIGHT TO CURE DEFAULT" ("notice of default"). The body of the letter

informed Plaintiff that "You are now in default on the above- referenced credit transaction. You

have the right to correct this default within thirty (30) days from the date of this Notice." It

continued:

> "Cure of default: Within thirty (30) days from the date of this notice you may
> cure your default by sending the total amount of $3,348.32 ... .
>          . . .
> If you do not cure your default in the time allowed by taking action as stated
> above, the creditor may exercise any or all of our remedies provided by law and
> in your Note. These remedies may include foreclosure on the real property
> securing the loan. You may be held personally liable under state law, if any, for

9

any deficiency balance not realized from the sale of the property.

If you fail to cure the default within 30 days from the date of this notice, the maturity of this loan is accelerated and full payment of all amounts due under the loan agreement is required without further notice from us."

The letter also threatens Plaintiff that "[i]f  this default is not cured, Green Tree will report the defaulted loan to any appropriate credit reporting agency."

4041.   The February 12, 2013 letter is false and misleading, it mischaracterizes the amount and/or legal status of the alleged past due amount, threatens to take an action that cannot legally be taken, threatens to communicate false credit information, attempts to collect an amount not authorized by the note or permitted by law, threatens to unlawfully repossess Plaintiff's property and is an unfair or unconscionable means to collect an amount that is not owed.

42.   After the complaint in this action was filed, Green Tree continued to note on its monthly statements sent to Plaintiff the false information that Plaintiff had failed to make his payments, at one point falsely stating that Plaintiff was over $7,500.00 in arrears.

43.   On or before February 22, 2014, Green Tree unilaterally decided to change Plaintiff's mailing address from his residence to the address of his attorney, and also provided this false address information to the CRAs to which Green Tree was furnishing account information regarding Plaintiff's loan. On or about February 22, 2014, Plaintiff mailed a qualified written request to Green Tree requesting that Green Tree restore Plaintiff's proper mailing address to his residential address and to inform the CRAs to delete the false address information it had previously provided them. Green Tree never provided Plaintiff a proper response to this QWR.

44.   In 2014, Green Tree wrongfully threatened to foreclose on Plaintiff's home unless Plaintiff paid amounts that were not due and that had already been paid.

45.   At one point in 2014, Green Tree unilaterally approved Plaintiff for a loan

HUMPHREYS WALLACE HUMPHREYS PC
9202 S TOLEDO AV, TULSA, OK 74137
TEL. (918)747-5300   FAX: (918)747-5311

10

HUMPHREYS WALLACE HUMPHREYS PC
9202 S TOLEDO AV, TULSA, OK 74137
TEL: (918)747-5300 FAX: (918)747-5311

modification he never requested.

46. Green Tree's false monthly statements continued through December 2014.

47. Bank of America continues to report false information regarding the account reporting the account as having a "maximum delinquency of 60 days in 10/2012" as recently as a May 15, 2015 credit report provided by Trans Union.

**COUNT I - VIOLATION OF RESPA**

41. 48. Gonzales repeats, realleges and incorporates by reference paragraphs one through forty forty-seven, inclusive, above.

42. 49. RESPA establishes the requirements for how a mortgage loan servicer or lender must conduct its post-closing servicing of the loan.

43. 50. 12 U.S.C. §2605(e) details the duties and statutory obligations of a loan servicer or lender in receiving and responding to borrower written inquiries.

44. 51. Under RESPA if a servicer receives a QWR the servicer must acknowledge receipt of the QWR within twenty (20) days.

45. 52. A QWR is "a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

46. 53. The Subject correspondences referenced in paragraph 23 the "Factual Allegations" section above were QWRs under RESPA because they

(a) Identified the subject borrower,

(b) Identified the subject loan,

(c) Identified the subject property, and

(d) Included a statement of the reasons the borrower believed the account to be in

11

error (i.e., payments not being credited).

47. 54.        Under 12 U.S.C. § 2605(e)(1)(A) a loan servicer SHALL provide a written response acknowledging receipt of the correspondence within 20 days.

48. 55. Defendants failed to acknowledge receipt of the QWR within twenty days.

49. 56.        Under 12 U.S.C. § 2605(e)(2) not later that sixty days after receipt of the QWR, the servicer shall:

> (C) after conducting an investigation; provide the borrower with a written explanation or clarification that includes--
> (i)        information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer; and
> (ii)        the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower.

50. 57.        Defendants further failed to respond to the qualified written request or provide any of the information sought in the request. Among the information that was not included was how or why Plaintiff's payments were misapplied.

51. 58.        Under 12 U.S.C. § 2605(e)(3), during the 60-day period beginning on the date of the servicer's receipt of Plaintiff's QWRs relating to a dispute regarding the borrower's payments, a servicer may not provide information regarding any overdue payment, owed by such borrower and relating to such period or qualified written request, to any consumer reporting agency, as such term is defined under 15 U.S.C. § 1681a.

52. 59.        Defendants further failed to comply with this section by continually reporting Plaintiff as delinquent in his home loan payments throughout the time the Defendants were allegedly investigating Plaintiff's request for information and correction.

53. 60.        Defendants willfully violated RESPA in one or more of the following ways, by example only and without limitation:

HUMPHREYS WALLACE HUMPHREYS PC
9202 S TOLEDO AV, TULSA, OK 74137
TEL: (918)747-5300   FAX: (918)747-5311

a)    By failing to properly and lawfully account for and apply payments made by the Plaintiff;

b)    By failing to make appropriate corrections in the Plaintiff's account and transmit written notification of such correction to the Plaintiff (12 U.S.C. § 2605(e)(2)(A));

c)    By failing to provide the Plaintiff with a written explanation or clarification that includes a statement of the reasons that they believed the Plaintiff's account to be correct and the name and telephone number of an individual employed by each of them who could provide assistance to the Plaintiff (12 U.S.C. § 2605(e)(2)(B));

d)    By failing to provide the Plaintiff with a written explanation or clarification that included the information requested by the Plaintiff or an explanation of why the information requested was unavailable or could not be obtained by Defendants and the name and telephone number of an individual employed by each of them who could provide assistance to the Plaintiff (12 U.S.C. § 2605(e)(2)(C));

e)    By providing information regarding any overdue payment owed by the Plaintiff and relating to the period described in the qualified written request to a consumer reporting agency during the 60 day period which began on the date of BOA's receipt of the qualified written request. (12 U.S.C. § 2605(e)(3)).

f)    By failing to properly and lawfully investigate and act upon the disputes enumerated in the Plaintiff's qualified written request (12 U.S.C. § 2605(e)(2)(C)); and,

g)    By continuing to report a derogatory payment history to the consumer reporting agency while a response to the qualified written request was due and pending.

54. 61.    Under 12 U.S.C. § 2605(f), whomever fails to comply with any provision of RESPA shall be liable to the borrower for any amount equal to the sum of (a) any actual damages to the borrower and (b) any additional damages that the court may allow, in the case of

HUMPHREYS WALLACE HUMPHREYS PC
9202 S TOLEDO AV, TULSA, OK 74137
TEL. (918)747-5300   FAX: (918)747-5311

13

a pattern or practice of noncompliance with the requirements of this section in the amount not to exceed $2,000.00.

55. 62.        As a result of the aforesaid violations of the RESPA, Plaintiff suffered actual damages including costs of credit monitoring, costs of mailing certified letters, costs to acquire credit reports, damage to his credit rating, frustration, aggravation, lost time and energy, and emotional distress.

56. 63.        Defendants' abusive servicing practices towards Plaintiff in violation of RESPA are part of a pattern and practice regarding such conduct entitling Plaintiff to statutory damages.

57. 64.        As a direct and proximate cause of Defendants' violations, Plaintiff has suffered actual, general, special and exemplary damages, and is entitled to recover his costs and attorney fees.

## COUNT TWO - VIOLATIONS OF FCRA

### (Against Bank of America)

58. 65.        Gonzales repeats, realleges and incorporates by reference paragraphs one through fifty seven sixty-four inclusive, above.

59. 66.        15 U.S.C. § 1681s-2b explains the responsibilities of furnishers of credit information after they have been notified by a credit reporting agency that the consumer disputes the credit information provided by the furnisher. Upon receiving notice of a dispute, the furnisher is to review all relevant information provided by the consumer reporting agency, conduct a reasonable investigation and report the results to the appropriate consumer reporting agencies. The consumer may bring a cause of action against the furnisher if it does not comply with the provisions of 15 U.S.C. § 1681s-2b.

60. 67.        Plaintiff communicated his dispute regarding the derogatory credit information to Equifax, Experian and Trans Union on multiple occasions. Thereafter, Plaintiff is

HUMPHREYS WALLACE HUMPHREYS PC
9202 S TOLEDO AV, TULSA, OK 74137
TEL: (918)747-5300  FAX: (918)747-5311

informed and believes that each of these credit reporting agencies notified Bank of America of the dispute in accordance with 15 U.S.C. § 1681i(a)(2).

61. 68.         Thereafter, Plaintiff is informed and believes that each of the 6+ times it was notified of a dispute by a credit reporting agency, Bank of America failed to review all relevant information provided by the credit reporting agencies and/or conduct a reasonable investigation to ascertain whether the derogatory information it had reported was incomplete or inaccurate, in violation of 15 U.S.C. § 1681s-2b.  Prior to receiving notice of the Plaintiff's dispute filed with each of the credit reporting agencies, Defendant had received, directly from the Plaintiff, as detailed above, written materials sent to such agencies which proved that Plaintiff was not delinquent in his payments.

62. 69. In addition, Plaintiff is informed and believes that Bank of America notified the credit reporting agencies that the derogatory credit information reported with respect to the Plaintiffs was correct, and failed to notify the credit reporting agencies that the account was disputed.

63. 70.         Plaintiff is informed and believes that the violation of 15 U.S.C. § 1681s-2b by Bank of America was willful. In the alternative, Plaintiff is informed and believes that the violation of 15 U.S.C. § 1681s-2b by Bank of America was negligent.

64. 71.         As a direct and proximate cause of Defendant's violations, Plaintiff has suffered actual, general, special and exemplary damages, and is entitled to recover his costs and attorney fees.

### COUNT THREE - VIOLATIONS OF FDCPA

### (Against Green Tree)

65. 72.         Gonzales repeats, realleges and incorporates by reference paragraphs one through seventy-onesixty four, inclusive, above.

66. 73.         Defendant's collection efforts violated 15 U.S.C. § 1692d, -e, and/or -f, *et*

HUMPHREYS WALLACE HUMPHREYS PC
9202 S TOLEDO AV, TULSA, OK 74137
TEL. (918)747-5300   FAX. (918)747-5311

HUMPHREYS WALLACE HUMPHREYS PC
9202 S TOLEDO AV, TULSA, OK 74137
TEL. (918)747-5300  FAX: (918)747-5311

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*seq.*

67. 74.         As a direct and proximate result of Defendant's violations, Plaintiff is

entitled to recover his actual damages, statutory damages, costs and attorney's fees.

COUNT FOUR – ACCOUNTING

68.   Gonzales repeats, realleges and incorporates by reference paragraphs one through

sixty-seven seventy-two, inclusive, above.

69.   Plaintiff demands equitable relief in the form of Defendants being ordered to render

a lawful accurate accounting of his loan and for failure to so accurately account in the future,

liquidated damages in an amount to be decided by the court to prevent reoccurrence of

Defendants' defective accounting practices.

COUNT FIVE - DECEPTIVE TRADE PRACTICES

70.   Gonzales repeats, realleges and incorporates by reference paragraphs one through

sixty-nine seventy-four, inclusive, above.

71.      Pursuant to NRS §§ 41.600, 598.0915, 598.092 and 598.0923, the

Defendants knowingly engaged in predatory, wrongful, fraudulent and deceptive trade

practices in violation of the Nevada Deceptive Trade Practices Act ("NDTPA") by knowingly

engaging in certain prohibited conduct, including but not limited to:

(a)      Knowingly making any false representation in a transaction;

(b)      Knowingly misrepresenting the legal rights, obligations or remedies of a party to

a transaction;

(c)      Violates a state or federal statute or regulation relating to the sale or lease of

goods or services; and

(d)      Uses coercion, duress or intimidation in a transaction.

72.  Green Tree has also violated the NDTPA by violating provisions of NRS Chapters

598 *et seq.* and 649 *et seq.* by using any device, subterfuge, pretense or deceptive means or

16

representations to collect any debt.

73.    NRS 598 (NDTPA) and NRS 649 (collection agency practices), in tandem, allow a state claim for deceptive trade practices where the collection agency engages in harassing tactics.  Specifically, NRS 649.370 Violation of federal Fair Debt Collection Practices Act, states: "A violation of any provision of the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1682[sic] et seq., or any regulation adopted pursuant thereto, shall be deemed to be a violation of this chapter."

74.   Green Tree acted in bad faith and unfairly with the intent to deprive Plaintiff of his rights or property. Furthermore, Green Tree knew of the probable harmful consequences of its wrongful acts and engaged in a willful and deliberate failure to act to avoid those consequences.

75.    As a direct and proximate cause of the Defendants' deceptive trade practices, as herein alleged, Plaintiff has been damaged, and, furthermore alleges, that Defendants, in knowingly engaging in the aforementioned deceptive trade practices, have acted willfully, intentionally, maliciously and fraudulently, with intent to deceive and defraud the Plaintiff, with great recklessness and carelessness, and in total disregard of the consequences of their intentional actions upon Plaintiff, thereby entitling the Plaintiff to exemplary/punitive damages.

76..    As a result of the above acts and omissions of Defendants, Plaintiff has suffered actual damages including, but not limited to, damage to reputation, anxiety, indignation, irritability, nervousness, fear, worry, loss of happiness, headaches, loss of sleep, stress, and anger, and is entitled to equitable relief, actual damages, general damages, exemplary damages, fees and costs, under NRS § 41.600 *et seq*.

### COUNT SIX   NEGLIGENCE

77.    Gonzales repeats, realleges and incorporates by reference paragraphs one through seventy-sixeighty-one, inclusive, above.

17

78. Defendants had a duty to properly and accurately service Plaintiff's loan.

79. Defendants breached duty to maintain proper and accurate loan records and to discharge and fulfill the other incidents attendant to the maintenance, accounting and servicing of loan records in a non-negligent manner.

80. As a direct and proximate cause of Defendants' above-described conduct, Plaintiff has suffered actual, general and special damages.

## DEMAND FOR JURY TRIAL

81. 75. Please take notice that Plaintiff demands trial by jury in this action.

**WHEREFORE**, Gonzalez prays that this court enter judgment in his favor and against Defendants, and each of them, as follows:

(a) For actual damages according to proof;

(b) For special damages according to proof;

(c) For general damages according to proof;

(d) For punitive damages in an amount to be determined according to proof;

(e) For an accounting;

(e)(f) For reasonable attorney's fees and costs of suit incurred herein; and

(f) For such other and further relief as the Court may deem just and proper.

DATED this _____ day of August 2015 January 2014.

Respectfully submitted,

HUMPHREYS WALLACE HUMPHREYS, PC

By: _____

Robert David Humphreys, *Pro Hac Vice*
Lucius James Wallace, *Pro Hac Vice*
-and-
Craig B. Friedberg
Law Offices of Craig B. Friedberg, Esq.
*Attorneys for Plaintiff*

HUMPHREYS WALLACE HUMPHREYS PC
9202 S TOLEDO AV, TULSA, OK 74137
TEL: (918)747-5300 FAX: (918)747-5311

**CERTIFICATE OF SERVICE**

I hereby certify that on the _____ day of _____, 20___, I electronically transmitted ___*(name of document)*_____ to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Jon Patterson
jpatterson@babc.com
Katherine M. Kliebert
kkliebert@babc.com
Darren Brenner
darren.brenner@akerman.com
Allison R. Schmidt
allison.schmidt@akerman.com
Ariel E. Stern
ariel.stern@akerman.com
*Attorneys for Defendant Bank of America, N.A.*

Gregg A. Hubley
ghubley@brookshubley.com
Michael R. Brooks
mbrooks@brookshubley.com
*Attorneys for Defendant Green Tree Servicing LLC*

_____

HUMPHREYS WALLACE HUMPHREYS PC
9202 S TOLEDO AV, TULSA, OK 74137
TEL: (918)747-5300  FAX: (918)747-5311

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT  2

# EXHIBIT  2

CRAIG B. FRIEDBERG, ESQ.
Nevada Bar No. 004606
LAW OFFICES OF CRAIG B. FRIEDBERG, ESQ.
4760 South Pecos Road, Suite 103
Las Vegas, Nevada 89121
Telephone: (702) 435-7968 / Facsimile: (702) 946-0887
Email: attcbf@cox.net

Robert David Humphreys
OBA #12346, *Pro Hac Vice*
Lucius James Wallace
OBA #16070, *Pro Hac Vice*
HUMPHREYS WALLACE HUMPHREYS, P.C.
9202 South Toledo Avenue
Tulsa, Oklahoma  74137
Telephone: (918) 747-5300 / Facsimile: (918) 747-5311
Email:  david@hwh-law.com  /  luke@hwh-law.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PAUL M. GONZALES, | |
| Plaintiff, | Case No.:  2:14-cv-00088-GMN-(VCF) |
| v. | **SUPPLEMENTAL AND AMENDED COMPLAINT** |
| BANK OF AMERICA, N.A., GREEN TREE SERVICING, LLC; DOE DEFENDANTS I through V; ROE DEFENDANTS VI through X, inclusive, | **(EIGHT PERSON JURY DEMANDED)** |
| Defendants. | |

COMES NOW Plaintiff, PAUL M. GONZALES (hereinafter "Plaintiff" or  "Mr. Gonzales"), by and through his undersigned attorney, alleges upon knowledge as to himself and his own acts, and as to all other matters upon information and belief, brings this supplemental and amended complaint against the above-named Defendants and in support thereof alleges the following:

1.      This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. §§ 1681 et seq. (Fair Credit Reporting Act or "FCRA"); 15 U.S.C. 1692 et seq. (Fair Debt Collection Practices Act ("FDCPA"); and, 12 U.S.C. § 2601  et seq. (Real  Estate and Settlement Procedures Act or "RESPA").

HUMPHREYS WALLACE HUMPHREYS PC
9202 S TOLEDO AV, TULSA, OK 74137
TEL. (918)747-5300  FAX: (918)747-5311

**JURISDICTION AND VENUE**

2.      Jurisdiction of this court arises under 12 U.S.C. § 2614 involving a property located within this District, 15 U.S.C. § 1681p, 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331. Supplemental jurisdiction exists for the state law claims, pursuant to 28 U.S.C. § 1367 and rule 18(a) of the Federal Rules of Civil Procedure (FRCP).

3.      Venue is conferred by 28 U.S.C. §1391, in that the acts and transactions occurred this District, Plaintiff resides in the District, and Defendants transact business the District.

**THE PARTIES**

4.      Plaintiff Paul M. Gonzales is a natural person and owns a home in Clark County, Nevada, which is his primary residence. Plaintiff is a "consumer" and "person" protected by the FCRA, FDCPA, and RESPA.

5.      Upon information and belief, Defendant, BANK OF AMERICA, N.A.,  d/b/a (and/or) F/K/A BAC HOME LOAN SERVICING, LP ("Bank of America") is a National Bank doing business as a mortgage originator, mortgage servicer and at all times relevant hereto was a "furnisher" as governed by the FCRA.

6.      Defendant GREEN TREE SERVICING, LLC ("Green Tree") is the transferee to the servicing rights of Plaintiff's loan and in its capacity as a loan servicer, Green Tree acts as a third party debt collector for the owner of the loan on Plaintiff's home. Green Tree acquired the servicing rights to Plaintiff's home loan disputed herein when alleged to be in default and therefore Green Tree is not excluded as a debt collector for purposes of the FDCPA under 15 U.S.C. § 1692a(6)(F)(iii). *See Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355 (6th Cir. 2010). At all times relevant hereto Green Tree was also a "furnisher" as governed by the FCRA.

7.      Plaintiff is unaware of the true names and legal capacities, whether individual, corporate, associate, or otherwise, of the Defendants DOES I-V and ROE Corporations VI-X, sued herein inclusive, and therefore sues Defendants by such fictitious names.

8.      Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated herein as DOES I-V and ROE Corporations VI-X, are in some way legally responsible and liable for the events referred to herein, and proximately caused the

damages alleged herein.

9.      Plaintiff prays leave to insert said Defendants' true names and legal capacities when ascertained.

10.     At all times material hereto, and in doing the acts and omissions alleged herein, the Defendants and each of them, including DOES I-V and ROE Corporations VI-X, acted individually and/or through their officers, agents, employees, and co-conspirators, including the fictitious Defendants named herein, each of whom was acting within the purpose and scope of that agency, employment and conspiracy, and said acts and omissions were known to, and authorized and ratified by, each of the other Defendants.

11.     Plaintiff is informed and believes and thereon alleges that at all times mentioned herein each of the Defendants sued herein was the owner, partner, shareholder, manager, officer, director, agent, servant, and employee of his, her or its co-Defendants and in doing the things hereinafter mentioned was acting in the scope of his, her or its authority as such owner, partner, shareholder, manager, officer, director, agent, servant and employee, and with the permission, consent and/or ratification of his, her or its Defendants; and that each of said fictitiously named defendants, whether an individual, corporation, association or otherwise, is in some way liable or responsible to the Plaintiffs on the facts hereinafter alleged, and caused injuries and damages proximately thereby as hereinafter alleged.

12.     All conduct of the Defendants and Doe and/or Roe Corporation Defendants as alleged herein, was on each other's behalf, within the course and scope of agency each for the other; each was alter ego for the other and/or was in a partnership or joint venture with the other, and all conduct of each was within the course and scope of that agency, alter ego, partnership and/or joint venture, and as such, the corporate fiction should be disregarded.

## FACTUAL ALLEGATIONS

13.     Gonzales repeats, realleges and incorporates by reference paragraphs one through twelve, inclusive, above.

14.     Plaintiff has an outstanding note and deed of trust ("loan") on his residence in Clark County.

HUMPHREYS WALLACE HUMPHREYS PC
9202 S TOLEDO AV, TULSA, OK 74137
TEL. (918)747-5300   FAX: (918)747-5311

15.    Plaintiff has paid Bank of America every month since at least January 2006.

16.    Sometime on or before January 2006, Bank of America purchased the loan and/or acquired the servicing rights to the loan.  At that time, Bank of America notified Plaintiff that he should begin making monthly payments to it.

17.    During the 2009 year, Plaintiff routinely remitted his monthly loan payment via electronic transfer from Plaintiff's account with IBEW Plus Credit Union ("IBEW") to Bank of America.

18.    On or about November 2009, Plaintiff made his usual monthly electronic loan payment to Bank of America.

19.    On or about April 2010, Bank of America notified Plaintiff that he was 30 days late and that Bank of America had not received his November 2009 payment.

20.    On or about April 14, 2010, Plaintiff requested that IBEW investigate whether the November 2009 payment had in fact been sent to Bank of America.

21.    On or about April 22, 2010, Plaintiff received the results from IBEW's investigation and was informed:

> "We have completed our research of your payment inquiry. Our investigation revealed the following: Your [November 2009] payment was remitted electronically on the date noted above [Nov. 9, 2009]. Verification of the electronic payment has been made to the payee [Bank of America]. ... They [Bank of America] have indicated that after research is completed, the payment should be recorded on your next statement."

22.    However, Bank of America did not record the November 2009 payment on Plaintiff's next statement.  Instead, for three more years, Bank of America continued its campaign of abusive, unfair, unreasonable and unlawful activity by, among other acts, not crediting Plaintiff's account with the November 2009 payment, but instead applying each successive month's payment not to the month of remittance, but to the prior month's account, with the result that Bank of America (and later, Defendant Green Tree) has been treating the Plaintiff as being one month in arrears for more than three years.

23.    Plaintiff and/or his legal representative sent written requests to Bank of America

HUMPHREYS WALLACE HUMPHREYS PC
9202 S TOLEDO AV, TULSA, OK 74137
TEL. (918)747-5300   FAX. (918)747-5311

4

HUMPHREYS WALLACE HUMPHREYS PC
9202 S TOLEDO AV, TULSA, OK 74137
TEL: (918)747-5300   FAX: (918)747-5311

regarding the need to properly credit the November 2009 payment and the consequences Plaintiff was dealing with because of Bank of America's refusal to correct its own accounting error ("qualified written requests" or "QWRs") in April 2010, May 2010, August 2010, October 2010, June 2011, January 2012, May 2012, January 2013, and in November 2012, March 2013, and April 2013 (to Bank of America and Green Tree, respectively).

24.     Some of these QWRs were not timely acknowledged and or responded to by Bank of America and Green Tree.  With respect to some of the QWRs that Bank of America and Green Tree did respond to, Defendants did not do any type of investigation into the matter, instead choosing to continually request the same documentation that Plaintiff had repeatedly sent in the past (and as to Bank of America, insisting on Plaintiff providing documentation (such as a cancelled check) which Bank of America knew Plaintiff could not provide, as the November 2009 payment was made electronically), and or intentionally not providing Plaintiff with all of the information he requested in order to correct the mass servicing failure of the Defendants.

25.     Plaintiff is informed and believes that during the 60 days after Bank of America received Plaintiff's QWRs, it continued reporting him thirty days late to the major credit reporting agencies. Plaintiff is informed and believes that Bank of America mis-reported the false payment information to credit reporting agencies ("CRAs") on a monthly basis, and continued this practice at all times relevant herein.

26.     On or about August 2010, and again, on or about September 2011, Bank of America mailed to Plaintiff letters entitled NOTICE OF INTENT TO ACCELERATE" ("notice of intent"). These letters stated that the "loan is in serious default because the required payments have not been made." These statements were categorically false. Additionally, the letters demanded that Plaintiff pay an amount double his usual monthly payment and warned that

> "if the default is not cured [on the date specified in the letter], the mortgage payments will be accelerated with the full amount remaining accelerate and becoming due and payable in full, and foreclosure proceedings will be initiated at that time.  As such, the failure to cure the default may result in the foreclosure and sale of your property.  If the property is foreclosed upon, the Noteholder may pursue a deficiency judgment against you to collect the balance of your loan, if permitted by law."

Consequently, Plaintiff was under constant fear that despite the fact that he was current on his mortgage, he could still lose his home to foreclosure *and* be responsible to pay Bank of America for any difference between what the home sold for at foreclosure and the amount Bank of America contends Plaintiff owed on his loan.

27.     Additionally, Bank of America's refused to accept payments and mis-applied payments and also added late fees and other uncollected costs associated with the fictitious default, to Plaintiff's balance.  As Bank of America and Green Tree refused to provide Plaintiff with an audit of his account, Plaintiff is informed and believes that money he has paid to Bank of America and Green Tree has not been correctly applied to his balance.

28.     On or after January 20, 2011, Plaintiff received notice from his credit union that he was denied a personal loan. One of the two reasons stated was that he had a "delinquent past or present credit obligations with others." Plaintiff is informed and believes that this refers to the false negative credit information Bank of America reported to the CRAs.

29.     In March 2011, Plaintiff mailed letters to the three major CRAs, Equifax, Experian and Trans Union, disputing Bank of America's reporting that Plaintiff was 30 days late for almost a year.  In or about April 2011, Plaintiff received responses from the three CRAs notifying Plaintiff that Bank of America had confirmed the false payment information as true and Bank of America did not notify the CRAs that Plaintiff was disputing the false payment information.

30.     On or about January 17, 2012, Plaintiff again applied for a personal loan from his credit union, IBEW.  On or after January 23, 2012, Plaintiff received notice from his credit union that he was again denied a personal loan. The denial letter gave the reason for the refusal to grant the loan as "[d]elinquent past or present credit obligations with others." Plaintiff is informed and believes that this refers to the false negative credit information Bank of America reported to the CRAs. The denial letter stated that the credit union's decision was "based in whole or in part on information obtained in a report from ... Experian."

31.     In February 2012, Plaintiff again mailed letters to the CRAs disputing Bank of America's reporting that Plaintiff was 30 days late for nearly two years. In or about February or

HUMPHREYS WALLACE HUMPHREYS PC
9202 S TOLEDO AV, TULSA, OK 74137
TEL: (918)747-5300   FAX: (918)747-5311

HUMPHREYS WALLACE HUMPHREYS PC
9202 S TOLEDO AV, TULSA, OK 74137
TEL. (918)747-5300  FAX: (918)747-5311

March 2012, Plaintiff received responses from the CRAs notifying Plaintiff that Bank of America had again confirmed the false payment information as true and Bank of America did not notify the CRAs that Plaintiff was disputing the false payment information.

32.     In May 2012, Plaintiff again mailed letters to the CRAs disputing Bank of America's reporting that Plaintiff was 30 days late for nearly two years. Plaintiff received responses from the CRAs notifying Plaintiff that Bank of America had again confirmed the false payment information as true and Bank of America did not notify the CRAs that Plaintiff was disputing the false payment information.

33.     On or about October 2012 Plaintiff received a letter from Bank of America notifying him that Green Tree had acquired the servicing rights to Plaintiff's loan. At the time of this transfer, Bank of America still considered the loan "in serious default" and Plaintiff was under threat of losing his property to foreclosure.

34.     On or about November 2012, Plaintiff received a letter from Green Tree introducing itself as the new servicer on Plaintiff's loan and identifying itself as a debt collector. It also informed Plaintiff that the letter was "an attempt to collect a debt, and any information obtained will be used for that purpose." In a follow-up letter to Plaintiff in November 2012, Green Tree demanded payment, including an amount past due, without looking into the account history it received or reviewing the nearly three years of Plaintiff's disputes.

35.     Plaintiff is informed and believes that Green Tree mis-reported the false payment information to the CRAs on a monthly basis, and continued this practice at all times relevant herein.

36.     On or about November 25, 2012, Plaintiff wrote to Green Tree (both as a QWR and as a dispute and request for verification to a debt collector), disputing that there was any amount past due, explaining the communications he and his legal representative had with Bank of America and also enclosing pertinent documentary information to show that his November 2009 payment had been made.  Plaintiff requested that Green Tree provide Plaintiff with, among other items, an audit and account history from November 2009 to the date of the letter of all of Plaintiff's payments, to make the appropriate corrections to his Green Tree account and to

HUMPHREYS WALLACE HUMPHREYS PC
9202 S TOLEDO AV, TULSA, OK 74137
TEL: (918)747-5300   FAX: (918)747-5311

correct the false information that had been sent to the CRAs.

37.     On or about December 6, 2012, Green Tree, prior to responding to Plaintiff's QWR/dispute and verification letter, mailed to Plaintiff a statement that included a past due amount of $3,177.62 and an amount due of $5,741.82 to be paid by January 1, 2013.  The December 6 letter also noted that "YOUR ACCOUNT IS SERIOUSLY PAST DUE!"

38.     On or about December 20, 2012, Plaintiff received a letter from Woodside  Credit informing Plaintiff that it had denied his request for a $26,000.00 loan. The reason given for the denial was "Derogatory Credit." Plaintiff is informed and believes that this refers to the false negative credit information Bank of America and Green Tree reported to the CRAs. The denial letter stated that its decision was "based in whole or in part on information obtained in a report from ... Experian."

39.     The Woodside Credit denial letter also stated that it obtained Plaintiff's credit score from Experian, and that the key factors adversely affecting his credit score included "[n]umber of accounts delinquent and [l]ength of time (or unknown time) since account delinquent." Plaintiff is not aware of any other accounts that were reporting delinquent payments at this time, other than Bank of America. Plaintiff is informed and believes that the reasons for his lower credit score refer to the false negative credit information Bank of America and Green Tree reported to the CRAs.

40.     On or about February 12, 2013, Green Tree sent a letter to Plaintiff with capitalized words inside a box on the top right hand side of the page, which read:  "NOTICE OF DEFAULT AND RIGHT TO CURE DEFAULT" ("notice of default"). The body of the letter informed Plaintiff that "You are now in default on the above- referenced credit transaction. You have the right to correct this default within thirty (30) days from the date of this Notice." It continued:

> "Cure of default: Within thirty (30) days from the date of this notice you may cure your default by sending the total amount of $3,348.32 ... .
>         . . .
> If you do not cure your default in the time allowed by taking action as stated above, the creditor may exercise any or all of our remedies provided by law and in your Note. These remedies may include foreclosure on the real property

securing the loan. You may be held personally liable under state law, if any, for any deficiency balance not realized from the sale of the property.

If you fail to cure the default within 30 days from the date of this notice, the maturity of this loan is accelerated and full payment of all amounts due under the loan agreement is required without further notice from us."

The letter also threatens Plaintiff that "[i]f  this default is not cured, Green Tree will report the defaulted loan to any appropriate credit reporting agency."

41.    The February 12, 2013 letter is false and misleading, it mischaracterizes the amount and/or legal status of the alleged past due amount, threatens to take an action that cannot legally be taken, threatens to communicate false credit information, attempts to collect an amount not authorized by the note or permitted by law, threatens to unlawfully repossess Plaintiff's property and is an unfair or unconscionable means to collect an amount that is not owed.

42.    After the complaint in this action was filed, Green Tree continued to note on its monthly statements sent to Plaintiff the false information that Plaintiff had failed to make his payments, at one point falsely stating that Plaintiff was over $7,500.00 in arrears.

43.    On or before February 22, 2014, Green Tree unilaterally decided to change Plaintiff's mailing address from his residence to the address of his attorney, and also provided this false address information to the CRAs to which Green Tree was furnishing account information regarding Plaintiff's loan. On or about February 22, 2014, Plaintiff mailed a qualified written request to Green Tree requesting that Green Tree restore Plaintiff's proper mailing address to his residential address and to inform the CRAs to delete the false address information it had previously provided them. Green Tree never provided Plaintiff a proper response to this QWR.

44.    In 2014, Green Tree wrongfully threatened to foreclose on Plaintiff's home unless Plaintiff paid amounts that were not due and that had already been paid.

45.    At one point in 2014, Green Tree unilaterally approved Plaintiff for a loan modification he never requested.

46.    Green Tree's false monthly statements continued through December 2014.

HUMPHREYS WALLACE HUMPHREYS PC
9202 S TOLEDO AV, TULSA, OK 74137
TEL. (918)747-5300   FAX: (918)747-5311

9

47.     Bank of America continues to report false information regarding the account reporting the account as having a "maximum delinquency of 60 days in 10/2012" as recently as a May 15, 2015 credit report provided by Trans Union.

### COUNT I - VIOLATION OF RESPA

48.     Gonzales repeats, realleges and incorporates by reference paragraphs one through forty-seven, inclusive, above.

49.     RESPA establishes the requirements for how a mortgage loan servicer or lender must conduct its post-closing servicing of the loan.

50.     12 U.S.C. §2605(e) details the duties and statutory obligations of a loan servicer or lender in receiving and responding to borrower written inquiries.

51.     Under RESPA if a servicer receives a QWR the servicer must acknowledge receipt of the QWR within twenty (20) days.

52.     A QWR is "a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

53.     The Subject correspondences referenced in  the "Factual Allegations" section above were QWRs under RESPA because they

(a) Identified the subject borrower,

(b) Identified the subject loan,

(c) Identified the subject property, and

(d) Included a statement of the reasons the borrower believed the account to be in error (i.e., payments not being credited).

54.     Under 12 U.S.C. § 2605(e)(1)(A) a loan servicer SHALL provide a written response acknowledging receipt of the correspondence within 20 days.

55.     Defendants failed to acknowledge receipt of the QWR within twenty days.

56.     Under 12 U.S.C. § 2605(e)(2) not later that sixty days after receipt of the QWR,

HUMPHREYS WALLACE HUMPHREYS PC
9202 S TOLEDO AV, TULSA, OK 74137
TEL. (918)747-5300   FAX. (918)747-5311

10

the servicer shall:

> (C) after conducting an investigation; provide the borrower with a written explanation or clarification that includes--
>
> > (i)      information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer; and
> >
> > (ii)      the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower.

57.      Defendants further failed to respond to the qualified written request or provide any of the information sought in the request. Among the information that was not included was how or why Plaintiff's payments were misapplied.

58.      Under 12 U.S.C. § 2605(e)(3), during the 60-day period beginning on the date of the servicer's receipt of Plaintiff's QWRs relating to a dispute regarding the borrower's payments, a servicer may not provide information regarding any overdue payment, owed by such borrower and relating to such period or qualified written request, to any consumer reporting agency, as such term is defined under 15 U.S.C. § 1681a.

59.      Defendants further failed to comply with this section by continually reporting Plaintiff as delinquent in his home loan payments throughout the time the Defendants were allegedly investigating Plaintiff's request for information and correction.

60.      Defendants willfully violated RESPA in one or more of the following ways, by example only and without limitation:

a)      By failing to properly and lawfully account for and apply payments made by the Plaintiff;

b)      By failing to make appropriate corrections in the Plaintiff's account and transmit written notification of such correction to the Plaintiff (12 U.S.C.§ 2605(e)(2)(A));

c)      By failing to provide the Plaintiff with a written explanation or clarification that includes a statement of the reasons that they believed the Plaintiff's account to be correct and the name and telephone number of an individual employed by each of them who could provide assistance to the Plaintiff (12 U.S.C. § 2605(e)(2)(B));

d)      By failing to provide the Plaintiff with a written explanation or

11

clarification that included the information requested by the Plaintiff or an explanation of why the information requested was unavailable or could not be obtained by Defendants and the name and telephone number of an individual employed by each of them who could provide assistance to the Plaintiff (12 U.S.C. § 2605(e)(2)(C));

e)      By providing information regarding any overdue payment owed by the Plaintiff and relating to the period described in the qualified written request to a consumer reporting agency during the 60 day period which began on the date of BOA's receipt of the qualified written request. (12 U.S.C. § 2605(e)(3)).

f)      By failing to properly and lawfully investigate and act upon the disputes enumerated in the Plaintiff's qualified written request (12 U.S.C. § 2605(e)(2)(C)); and,

g)      By continuing to report a derogatory payment history to the consumer reporting agency while a response to the qualified written request was due and pending.

61.      Under 12 U.S.C. § 2605(f), whomever fails to comply with any provision of RESPA shall be liable to the borrower for any amount equal to the sum of (a) any actual damages to the borrower and (b) any additional damages that the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section in the amount not to exceed $2,000.00.

62.      As a result of the aforesaid violations of the RESPA, Plaintiff suffered actual damages including costs of credit monitoring, costs of mailing certified letters, costs to acquire credit reports, damage to his credit rating, frustration, aggravation, lost time and energy, and emotional distress.

63.      Defendants' abusive servicing practices towards Plaintiff in violation of RESPA are part of a pattern and practice regarding such conduct entitling Plaintiff to statutory damages.

64.      As a direct and proximate cause of Defendants' violations, Plaintiff has suffered actual, general, special and exemplary damages, and is entitled to recover his costs and attorney fees.

///

///

12

## COUNT TWO - VIOLATIONS OF FCRA
### (Against Bank of America)

65.     Gonzales repeats, realleges and incorporates by reference paragraphs one through sixty-four inclusive, above.

66.     15 U.S.C. § 1681s-2b explains the responsibilities of furnishers of credit information after they have been notified by a credit reporting agency that the consumer disputes the credit information provided by the furnisher. Upon receiving notice of a dispute, the furnisher is to review all relevant information provided by the consumer reporting agency, conduct a reasonable investigation and report the results to the appropriate consumer reporting agencies. The consumer may bring a cause of action against the furnisher if it does not comply with the provisions of 15 U.S.C. § 1681s-2b.

67.     Plaintiff communicated his dispute regarding the derogatory credit information to Equifax, Experian and Trans Union on multiple occasions. Thereafter, Plaintiff is informed and believes that each of these credit reporting agencies notified Bank of America of the dispute in accordance with 15 U.S.C. § 1681i(a)(2).

68.     Thereafter, Plaintiff is informed and believes that each of the 6+ times it was notified of a dispute by a credit reporting agency, Bank of America failed to review all relevant information provided by the credit reporting agencies and/or conduct a reasonable investigation to ascertain whether the derogatory information it had reported was incomplete or inaccurate, in violation of 15 U.S.C. § 1681s-2b.  Prior to receiving notice of the Plaintiff's dispute filed with each of the credit reporting agencies, Defendant had received, directly from the Plaintiff, as detailed above, written materials sent to such agencies which proved that Plaintiff was not delinquent in his payments.

69.     In addition, Plaintiff is informed and believes that Bank of America notified the credit reporting agencies that the derogatory credit information reported with respect to the Plaintiffs was correct, and failed to notify the credit reporting agencies that the account was disputed.

70.     Plaintiff is informed and believes that the violation of 15 U.S.C. § 1681s-2b by Bank of America was willful. In the alternative, Plaintiff is informed and believes that the

13

HUMPHREYS WALLACE HUMPHREYS PC
9202 S TOLEDO AV, TULSA, OK 74137
TEL: (918)747-5300   FAX: (918)747-5311

violation of 15 U.S.C. § 1681s-2b by Bank of America was negligent.

71.     As a direct and proximate cause of Defendant's violations, Plaintiff has suffered actual, general, special and exemplary damages, and is entitled to recover his costs and attorney fees.

## COUNT THREE - VIOLATIONS OF FDCPA
### (Against Green Tree)

72.     Gonzales repeats, realleges and incorporates by reference paragraphs one through seventy-one, inclusive, above.

73.     Defendant's collection efforts violated 15 U.S.C. § 1692d, -e, and/or -f, *et seq.*

74.     As a direct and proximate result of Defendant's violations, Plaintiff is entitled to recover his actual damages, statutory damages, costs and attorney's fees.

## DEMAND FOR JURY TRIAL

75.     Please take notice that Plaintiff demands trial by jury in this action.

**WHEREFORE**, Gonzalez prays that this court enter judgment in his favor and against Defendants, and each of them, as follows:

(a)     For actual damages according to proof;

(b)     For special damages according to proof;

(c)     For general damages according to proof;

(d)     For punitive damages in an amount to be determined according to proof;

(e)     For reasonable attorney's fees and costs of suit incurred herein; and

(f)     For such other and further relief as the Court may deem just and proper.

DATED this _____ day of August 2015.

Respectfully submitted,

HUMPHREYS WALLACE HUMPHREYS, PC

By: _____

Robert David Humphreys, *Pro Hac Vice*
Lucius James Wallace, *Pro Hac Vice*
-and-
Craig B. Friedberg
*Attorneys for Plaintiff*

HUMPHREYS WALLACE HUMPHREYS PC
9202 S TOLEDO AV, TULSA, OK 74137
TEL. (918) 747-5300  FAX: (918) 747-5311

14

## CERTIFICATE OF SERVICE

I hereby certify that on the _____ day of August, 2015, I electronically transmitted the Supplemental and Amended Complaint to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Jon Patterson
jpatterson@babc.com
Katherine M. Kliebert
kkliebert@babc.com
Darren Brenner
darren.brenner@akerman.com
Allison R. Schmidt
allison.schmidt@akerman.com
Ariel E. Stern
ariel.stern@akerman.com
*Attorneys for Defendant Bank of America, N.A.*

Gregg A. Hubley
ghubley@brookshubley.com
Michael R. Brooks
mbrooks@brookshubley.com
*Attorneys for Defendant Green Tree Servicing LLC*

/s/ Craig Friedberg_____

HUMPHREYS WALLACE HUMPHREYS PC
9202 S TOLEDO AV, TULSA, OK 74137
TEL: (918)747-5300  FAX: (918)747-5311